IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVIS R. THOMAS | : | CIVIL ACTION |
| v. | : | NO. 08-632 |
| MICHAEL J. ASTRUE, Commissioner of Social Security | : | |

## MEMORANDUM

LOWELL A. REED, Jr., Sr., J                                                                                                                            October 15, 2008

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), and defendant's response (Doc. No. 14), the court makes the following findings and conclusions:

      1. On July 7, 2005, Avis R. Thomas ("Thomas") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f alleging an onset date of April 14, 2003. (Tr. 55-57; 511-13). Throughout the administrative process, including an administrative hearing held on March 5, 2007 before an ALJ, Thomas' claims were denied. (Tr. 7-10; 15-32; 40-44; 515-19; 525-43). Pursuant to 42 U.S.C. § 405(g), Thomas filed her complaint in this court on March 3, 2008.

      2. In his March 19, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Thomas had severe impairments consisting of bilateral knee disorder, back/neck disorder, uterine fibroid disorder, obesity, mood disorder, and drug addiction and alcoholism; (2) Thomas' combined impairments, including the polysubstance abuse, met sections 12.04 and 12.09; (3) but if Thomas stopped her substance abuse she would have an RFC for light work with occasional postural changes and only occasional contact with co-workers and the general public, and which included only simple repetitive one to two step tasks; (4) sober, Thomas could perform jobs existing in significant numbers in the national economy, and (5) she was not disabled. (Tr. 19 ¶ 4; 21 Finding 3; 22 Finding 4; 27 Finding 5; 30 Finding 10; 32 Finding 11).[1]

      3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

      4.    Thomas raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

      A.    First, in light of her severe impairments including her back/neck and knee disorders and obesity, Thomas contends that the ALJ erred in finding that she could perform light work. The ALJ discussed Thomas' arguments regarding her physical impairments and the evidence showing, *inter alia*, mild, stable degenerative arthritis in her knee and fairly mild degenerative changes in her back. (Tr. 28 ¶ 2 - 29 ¶ 4; see 171; 173-74; 177; 196-97; 274; 278-79; 331-34; 475; 476; 478-79; 490). As stated by the ALJ, his opinion is also supported by the opinions of examining physician Edward R. Stankiewicz, M.D. and the state agency disability examiner. (Tr. 273-81; 282-88). Regarding Thomas' obesity, the ALJ specifically stated that he had considered her obesity during his analysis of steps two through five of the sequential analysis and its cumulative effects on her musculoskeletal impairments, and specifically discussed Thomas' argument that her obesity aggravated her physical impairments. (Tr. 22 ¶ 6; 28 ¶ 2). Because, the ALJ's conclusion that Thomas could perform light work was supported by substantial evidence, Thomas' argument must fail.

      B.    Second, Thomas argues that the ALJ erred by failing to find her asthma and left thumb injury severe and that, as a result, the ALJ also erred by failing to include the alleged associated limitations in the hypothetical question posed to the VE. The record demonstrates that Thomas' asthma is not severe. While Thomas was diagnosed with asthma, it was described as resulting in a mild reduction in lung capacity and as being controlled by inhalers. (Tr. 362; 470). Thomas also apparently failed to mention any limitations from asthma in her pre-hearing memorandum or in her letter requesting review by the Appeals Council. (Tr. 28 ¶ 2 - 29 ¶ 1; 521-24). Moreover, the fact that Thomas is a smoker of over twenty-five years and smokes multiple cigarettes per day is not consistent with an individual who is alleging functional limitations due to asthma. see e.g. (Tr. 273; 358; 536).

Likewise the record demonstrates that the ALJ's conclusion that Thomas' left thumb injury was not severe is supported by substantial evidence. The ALJ discussed why he determined that this impairment was not severe and noted neither Thomas' testimony nor her medical records demonstrated that she had more than minimal function limitations due to this impairment. (Tr. 22 ¶ 3). I also note that although Thomas used a wrist brace, Dr. Stankiewicz opined that it did not appear to be clinically necessary. (Tr. 274).

Thomas was also capable of brushing her hair, cooking, cleaning, and doing some shopping. (Tr. 72a-73; 96). As a result, the ALJ's conclusion not to find these two impairments severe was supported by substantial evidence.

C. Third, Thomas alleges that the ALJ's conclusion that her drug and alcohol addictions were contributing factors material to the determination of disability was not supported by the evidence. When a claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability, that claimant is ineligible for benefits. 42 U.S.C. § 423(d)(2)(C). This issue only arises when, as in this case, the ALJ first determines that the claimant is disabled and has a drug or alcohol addiction. 20 C.F.R. §§ 404.1535(a), 416.935(a). The key to making the materiality determination is whether Thomas would remain disabled if she stopped using drugs and alcohol. 20 C.F.R. §§ 404.1535(b); 416.935(b). The plaintiff bears the burden of proving that his or her drug addiction or alcoholism is not a contributing factor material to the disability determination. Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007) (determining that Emergency Teletype No. EM-96-94 did not shift the burden of proving materiality to the Commissioner and further finding that the teletype was not binding authority); Brueggemann v. Barnhart, 348 F.3d 689, 693 (8th Cir. 2003); Doughty v. Apfel, 245 F.3d 1274, 1281 (11th Cir. 2001); Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999).

The ALJ extensively discussed Thomas' mental disorders and her addiction to cocaine and alcohol. (Tr. 23 ¶ 1 - 26 ¶ 2). After discussing the evidence, the ALJ concluded that Thomas' mental impairments, other than her polysubstance abuse, had been characterized by her doctors as of only moderate severity and that it was only when specific reference was made to Thomas' essentially uncontrolled substance abuse that these doctors assigned GAF scores in the 40-50 range. (Tr. 25 ¶ 3; 26 ¶ 1). The ALJ relied heavily on the reports from the state agency's review psychologist, Salvatore Cullari, Ph. D. and concluded that in light of his reports and the additional evidence submitted for the hearing, Thomas' other mental disorders (without the polysubstance abuse) would result in the non-work preclusive limitations assessed by Dr. Cullari. (Tr. 25 ¶ 5; 296-312). The ALJ also recorded that he discounted the opinion of Paul Himmelberg, Ph.D., a one time consultative examiner, because in his assessment, which included a GAF score of 43, he expressly presumed that Thomas' substance abuse was limited to "alcohol abuse, currently in remission" and, thus, did not evaluate the extent to which Thomas' polysubstance abuse contributed to her limitations. (Tr. 26 ¶ 2; 289-95). The ALJ also noted that much of Dr. Himmelberg's report appeared to be based on Thomas' subjective account and that she had admitted to him that she had been off of her antidepressant medication for three months. (Id.). Therefore, I find that the ALJ properly weighed the evidence and supported his conclusion with substantial evidence that drug and alcohol addiction was a contributing factor material to the determination of disability.

5. Upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence. As a result, Thomas' request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVIS R. THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-632 |
| | : | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | : | |

## ORDER

AND NOW, this 15th day of October, 2008, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11) and defendant's response (Doc. No. 14) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

_____
LOWELL A. REED, JR., Sr. J.