IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVIS R. THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  08-632 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 22nd day of January, 2009, upon consideration of the motion to alter or amend judgment pursuant to Rule 59(e) filed by plaintiff (Doc. No. 16)[1] the court makes the following findings and conclusions:

      1.      After filing for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, a hearing before an ALJ, and ultimately, a final decision that she was not disabled, Avis R. Thomas ("Thomas") filed a complaint in this court on March 3, 2008. (Tr. 7-10; 15-32; 40-44; 55-57; 511-13; 515-19; 525-43). By memorandum and order dated October 15, 2008, this court denied the relief requested by Thomas and concluded that the ALJ's decision was supported by substantial evidence and legally sufficient.  (Doc. No. 15).  As a result, Thomas filed the instant motion.

      2.      Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment.  Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g).  These motions should be granted sparingly, reconsidering the issues only when:  (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact.  North River Ins. Co. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Wilson v. Halter, No. 00-468, 2001 WL 410542, at *2 (E.D. Pa. Apr. 18, 2001), aff'd Wilson v. Massanari, 27 Fed. Appx. 136 (3d Cir. 2002).  Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper "to ask the Court to rethink what it had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks omitted); Wilson, 2001 WL 410542, at *2.  In this case, Thomas contends that the judgment should be amended in order to correct a clear error of law.

---

[1] Defendant neglected to file a response to this motion.  However, as discussed below, the motion is not appropriate, thus, defendant's response is unnecessary.

        3.      It is readily evident from her brief that Thomas is misusing Rule 59(e) in order to get a second chance to argue her case.  Thomas again argues that the ALJ erred by: (1) failing to find her asthma[2] and left thumb injury severe; (2) failing to include environmental and manipulative limitation in the hypothetical to the VE; and (3) ruling that drug and alcohol addiction was a contributing factor material to a finding of disability.  <u>Compare</u> (Doc. Nos. 11 & 16).  This is exactly the situation in which it is inappropriate to grant a motion for reconsideration.  <u>See</u> <u>e.g.</u> <u>Glendon Energy Co.</u>, 836 F. Supp. at 1122.

        4.      Regardless, I have carefully reviewed the court's October 15, 2008 opinion, the briefs, and the record in this case.  I conclude that there was no clear error of law.

        As a result of the above, it is hereby **ORDERED** that the motion is **DENIED**.

        S/ Lowell A. Reed, Jr.  
        LOWELL A. REED, JR., S.J.

---

[2] To the extent that Thomas believes the court engaged in "issue preclusion" by noting that she had failed to list any asthma limitations in her pre-hearing memorandum and her letter requesting review by the Appeals Council, she is incorrect.  This was merely a supplemental notation of fact.  I found that the ALJ's conclusion that Thomas' asthma was not severe was supported by the medical records indicating that her asthma was mild and controlled by inhalers.  (Doc. 15, pg. 2).